**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spinedex Physical Therapy, U.S.A., Inc., an Arizona corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>The State of Arizona; the Arizona Department of Insurance; United Healthcare of Arizona, Inc.,<br><br>            Defendants. | No. CV 04-1576-PHX-JAT<br><br>**ORDER** |

Pending before the Court are the Plaintiff's Motion For Leave to File Second Amended Complaint (doc. 50); the Plaintiff's Motion to Dismiss Defendant United Healthcare of Arizona's Original Counterclaim (doc. 52); and the Defendant's Motion for Extension of Time (doc. 53). The Court now rules on the motions.

I.    FACTUAL BACKGROUND

On July 7, 2004, the Plaintiff, Spinedex, filed a Complaint in the Maricopa County Superior Court seeking, under an assignment of rights and benefits by Annalisa Gallegos, judicial review of a final administrative decision of the Arizona Department of Insurance pursuant to Ariz. Rev. Stat. Ann. ("A.R.S.") § 20-2537(A) (West 2002).

On August 2, 2004, the Defendants removed the case to the United States District Court for the District of Arizona on the basis that the Plaintiff's claims were preempted under

1  the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq., as
2  amended ("ERISA").

3  On August 16, 2004, Defendant United Healthcare of Arizona ("United") filed a
4  Motion to Consolidate cases: CV 04-1576-PHX-JAT; CV 04-1578-PHX-MHM; CV 04-
5  1579-PHX-DGC; CV 04-1611-PHX-MHM; CV 04-1621-PHX-RCB; CV 04-1629-PHX-
6  SRB; CV 04-1623-PHX-EHC; CV 04-1624-PHX-MS; CV 04-1622-PHX-LOA; CV 04-
7  1627-PHX-EHC; CV 04-1625-PHX-FJM; CV 04-1604-PHX-SRB; CV 04-1605-PHX-JWS;
8  CV 04-1628-PHX-EHC; CV 04-1626-PHX-JAT; CV 04-1612-PHX-SRB; CV 04-1602-
9  PHX-EHC; CV 04-1600-PHX-FJM; and CV 04-1613-PHX-LOA.

10 The Court found that the three Spinedex cases, CV 04-1576-PHX-JAT, CV 04-1578-
11 PHX-MHM, and CV 04-1579-PHX-DGC, were all appeals from external independent
12 medical reviews pursuant to A.R.S. § 20-2537.  However, the remaining 16 cases were not
13 appeals from external independent medical reviews, and included additional claims such as
14 breach of contract and *quantum meruit*.  Additionally, they substantially differed from the
15 Spinedex cases procedurally.  Accordingly, the Court granted the request to consolidate the
16 three Spinedex cases, but denied the request to consolidate the remaining cases.

17 On March 10, 2005, the Plaintiff filed a First Amended Complaint re-characterizing
18 its claims to allege violations of ERISA and to include the allegations made in the cases
19 consolidated with this action.  The Plaintiff's First Amended Complaint now seeks relief,
20 under an assignment of rights and benefits, on behalf of three participants who completed the
21 administrative review process: (1) Annalisa Gallegos; (2) Doreen Bennett; and (3) Ronald
22 Russell. The Plaintiff's First Amended Complaint not only seeks recovery of benefits under
23 ERISA, it also asserts additional claims that the Defendant's behavior toward the three plan
24 participants constituted breach of fiduciary duty, breach duty to act in accordance with
25 documents and instruments governing the Ky Ko Plan, and fiduciary self-dealing -- all
26 alleged violations of ERISA.

27 On April 14, 2005, the Defendant filed its Answer to the Plaintiff's Amended
28 Complaint and a Counterclaim.  The Defendant's Counterclaim alleges that the Plaintiff

1  (Spinedex) improperly completed benefit forms by filling in incorrect codes and submitting
2  the claim forms to the Defendant for payment of non-covered benefits.  The Defendant
3  claims that based on the inaccurate claim forms it mistakenly made payments to the Plaintiff
4  for non-covered benefits. The Defendant now seeks damages from the Plaintiff under a
5  variety of state law theories including unjust enrichment, restitution, and negligent
6  misrepresentation.

7  On May 13, 2005, the Plaintiff filed a Motion for Leave to File Second Amended
8  Complaint and lodged a copy of the Second Amended Complaint.  The Plaintiff's Second
9  Amended Complaint seeks to add claims relating to twenty-three additional participants to
10 the group health insurance plan underwritten and administered by the Defendant.  These 23
11 participants have assigned their rights and benefits to the Plaintiff.  The Second Amended
12 Complaint seeks benefits on behalf of these individuals and alleges claims for breach of
13 fiduciary duty and fiduciary self-dealing.  However,  these individuals have not completed
14 the administrative appeal process.  Therefore, unlike the Plaintiff's prior complaints, the
15 Plaintiff now seeks to enjoin the Defendant from: (1) further denying any of the benefit
16 claims submitted by the Plaintiff without performing a proper review; (2) further breaching
17 its fiduciary duties as set forth in ERISA; and (3) from  further engaging in prohibited self-
18 dealing.  (Second Amended Complaint p. 65, lines 1-12).

19 On May 20, 2005, the Plaintiff filed a Motion to Dismiss the Defendant's Original
20 Counterclaim.  The Plaintiff contends that the Defendant's claims are all pre-empted by
21 ERISA, and that the Defendant cannot amend its Counterclaim to state a claim under ERISA.

22 On May 27, 2005, the Defendant filed its Opposition to the Plaintiff's Motion for
23 Leave to File Second Amended Complaint. The Defendant argues, for various reasons, that
24 the Court should not permit the Plaintiff's Amendments. Alternatively, the Defendant asks
25 for an additional time to answer the Plaintiff's Second Amended Complaint. The Defendant's
26 request for additional time is unopposed by the Plaintiff.

27 II.    DISCUSSION
28         A.    The Plaintiff's  Motion For Leave to File Second Amended Complaint

1 	The Plaintiff seeks leave from the Court to file a Second Amended Complaint adding claims relating to twenty-three additional participants to the group health insurance plan underwritten and administered by the Defendant.   In addition to the claims asserted in the First Amended Complaint, the Second Amended Complaint seeks to enjoin the Defendant from: (1) further denying any of the benefit claims submitted by the Plaintiff without performing a proper review; (2) further breaching its fiduciary duties as set forth in ERISA; and (3) from  further engaging in prohibited self-dealing.

	After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).  Fed. R. Civ. P. 15(a) declares that leave to amend shall be freely given when justice so requires.  However, the liberal policy in favor of amendments, is subject to some limitations. When, as in this case, a responsive pleading has been filed, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002).  The party opposing amendment bears the burden of showing prejudice, futility, undue delay, or another permissible reason for denying a motion to amend. *Eminence Capital,* 316 F.3d at 1052.  For the reasons set forth below, the Court finds that the Defendant has met this burden.

	The Defendant argues that the amendments should not be granted because the amendments: (1) are futile; (2) will cause undue delay; (3) will prejudice the Defendant; and (4) contradict and circumvent this Court's prior consolidation order holding that this case only involves claims that have completed the external review and appeal process.  Prejudice to the opposing party carries the greatest weight in a court's consideration of whether to grant or deny a request for leave to amend.  *Eminence Capital,* 316 F.3d at 1052. The Defendant argues that it would be prejudiced if the Court were to allow, at this point in the litigation, the addition of new claims based on 23 new plan participants.  The Court agrees.

	 Because the new plan participants have not completed the review and appeal process, the Plaintiff's claims are substantively different than the claims asserted in the First Amended

- 4 -

1  Complaint. In addition to seeking benefits, the Plaintiff now seeks to enjoin the Defendant
2  from: (1) further denying any of the benefit claims submitted by the Plaintiff without
3  performing a proper review; (2) further breaching its fiduciary duties as set forth in ERISA;
4  and (3) from further engaging in prohibited self-dealing. (Second Amended Complaint p.
5  65, lines 1-12).

6        The Plaintiff's Second Amended Complaint contains claims relating to the denial of
7  benefits pertaining to twenty-three new plan participants. The Defendant has not yet had an
8  opportunity to investigate and conduct discovery with respect to these claims. Additionally,
9  because these individuals have not completed the appeal process, the Second Amended
10 complaint now adds claims that are both procedurally and substantively different than the
11 claims alleged in the First amended Complaint. Again, the Defendant has had no opportunity
12 to conduct discovery with respect to these new claims.

13       The Plaintiff's proposed amendments advance new claims and require proof of new
14 facts. If the Court allows this amendment, the Defendant will have to investigate and defend
15 claims that are not only different substantively, but also include 23 additional plan
16 participants. To the extent that the Defendant has already conducted discovery, it may now
17 have to go back and duplicate its efforts and/or participate in additional discovery in order
18 to defend the claims against it. The Court finds that this would be prejudicial to the
19 Defendant. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (prejudice
20 can result where a defendant is forced to participate in additional discovery).

21       It is relevant to point out that the discovery deadline in this case is November 15,
22 2005. Presumably, therefore, discovery in this case is almost complete. Allowing such
23 extensive changes to the Plaintiff's Complaint now would require the Court to consider re-
24 opening discovery and changing the dispositive motion deadline at a point in time when
25 discovery is so near completion and the attorneys should be preparing this case for trial. Such
26 an extension constitutes undue delay. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d
27 1132, 1139 (9th Cir. 1998).

28

1 Additionally, the Plaintiff has offered no legitimate excuse or justification for its failure to raise these additional claims earlier. The decision to deny such a belated attempt to expand a complaint lies within the discretion of the district court. *Brass v. County of Los Angeles,* 328 F.3d 1192, 1197 (9th Cir. 2003).

As the Plaintiff is aware, there are a number of other cases pending that involve similar claims and issues to those that the Plaintiff now seeks to add to this case. This Court has already ruled that those cases involved claimants who had not exhausted the appeal process and, therefore, were not appropriate for consolidation with this case because of their differing procedural posture. It would be inconsistent for this Court to now allow the Plaintiff to add claims related to 23 new plan participants who have not completed the external review process.

Because the Court has found sufficient other grounds exist to deny the Plaintiff leave to amend, the Court need not discuss the Defendant's futility argument. The Plaintiff's Motion for Leave to File Second Amended Complaint is denied. The Defendant's alternative request for time to Answer the Plaintiff's Second Amended Complaint is denied as moot.

B. The Plaintiff's Motion to Dismiss the Defendant's Counterclaim

The Plaintiff argues that the Defendant's Counterclaim should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). A complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) only when it is "beyond doubt" that the plaintiff cannot set forth any facts which would entitle it to relief. Fed. R. Civ. P. 12(b)(6); *Osborne v. Dist. Attorney's Office,* 423 F.3d 1050, 1052 (9th Cir. 2005). In making this determination, the complaint is liberally construed in the plaintiff's favor and all material facts alleged therein are taken as true. *Gila River Indian Cmty. v. Waddell,* 967 F.2d 1404, 1412 (9th Cir. 1992); *Rosen v. Walters,* 719 F.2d 1422, 1424 (9th Cir. 1983).

A Rule 12(b)6 dismissal must be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). Leave to amend should be granted unless it appears

- 6 -

1 beyond doubt that there are "no set of facts" which would entitle the party to relief under the
2 asserted claim. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *see also*
3 *Balistreri,* 901 F.2d at 701.

4 Here, the Plaintiff contends that the Defendant's Counterclaim fails to assert a
5 cognizable legal theory. Specifically, the Plaintiff argues that all of the Defendant's state law
6 claims are preempted by ERISA, and that the Defendant should not be granted leave to
7 amend the Counterclaim to state a claim under ERISA, because ERISA simply does not
8 provide the sort of remedies that the Defendant is seeking.

9 There are two strands to ERISA's powerful preemptive force. First, ERISA section
10 514(a) expressly preempts all state laws that "relate to any employee benefit plan." 29
11 U.S.C. § 1144(a) *but see* 29 U.S.C. § 1144(b)(2)(A) (providing an exception for state laws
12 which regulate insurance, banking, or securities). Second, ERISA section 502(a) contains
13 a comprehensive scheme of civil remedies to enforce ERISA's provisions. 29 U.S.C. §
14 1132(a). A state cause of action that would fall within the scope of this scheme of remedies
15 is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme,
16 even if those causes of action would not necessarily be preempted by section 514(a).
17 *Cleghorn v. Blue Shield of California,* 408 F.3d 1222, 1225 (9th Cir. 2005).

18 Thus, in order to survive preemption, ERISA must not already provide a cause of
19 action for the claims alleged. 29 U.S.C. § 1132(a); *Cleghorn,* 408 F.3d at 1225. The parties
20 in this case apparently do not dispute that the Defendant does not have a remedy under
21 ERISA for the claims alleged in the Counterclaim. In fact, the Plaintiff argued at length in
22 its Motion to Dismiss that the Defendant cannot restate its claims as arising under ERISA's
23 remedial scheme, because ERISA does not provide remedies for the relief sought by the
24 Defendant. The Defendant did not respond to this portion of the Plaintiff's Motion to
25 Dismiss, nor did the Defendant seek leave to amend its Counterclaim to state a claim under
26 ERISA. Rather, the Defendant merely contends that its claims are governed by generally
27 applicable state law not ERISA.

28

1    The Defendant's claims (restitution, unjust enrichment, negligent misrepresentation)
2 all seek damages based on monies allegedly wrongfully paid to the Plaintiff. ERISA does
3 not provide a cause of action for "equitable" claims seeking money damages. *Carpenters*
4 *Health and Welfare Trust v. Vonderharr,* 384 F.3d 667, 670 (9th Cir. 2004). Although
5 equitable claims that seek to prevent future losses are allowed under ERISA, those that
6 money damages from past harms are not. *Peralta v. Hispanic Business, Inc.,* 419 F.3d 106,
7 1075-76 (9th Cir. 2005). Because ERISA does not already provide a remedy for the claims
8 alleged, the Defendant's Counterclaim is not preempted by 1132(a). Accordingly, the Court
9 will move on to its analysis of preemption under section 514(a).

10   For purposes of preemption analysis, a common law claim "relates to" an employee
11 benefit plan governed by ERISA if it has a "connection with or reference to" the plan.
12 *Providence Health Plan v. McDowell,* 385 F.3d 1168, 1172 (9th Cir. 2004). In evaluating
13 whether a common law claim has a "connection with" a plan governed by ERISA, the Court
14 evaluates whether the action has a genuine impact on a relationship governed by ERISA,
15 such as the relationship between the plan and a participant. *Id.*; *Abraham v. Norcal Waste*
16 *Sys.,* 265 F.3d 811, 820-21 (9th Cir. 2001). In evaluating whether a common law claim has
17 "reference to" a plan governed by ERISA, the Court evaluates whether the claim is premised
18 on the existence of an ERISA plan, and whether the existence of the plan is essential to the
19 claim's survival. *Providence Health Plan,* 385 F.3d at 1172. If so, a sufficient "reference"
20 to the plan exists to support preemption. *Id.*

21   The Defendant's Counterclaim asserts three state law claims: (1) negligent
22 misrepresentation (arising from the Plaintiff's submission of claim forms on behalf of therapy
23 the Plaintiff provided to plan members); (2) restitution (for money paid to the Plaintiff for
24 non-covered benefits administered to plan members); and (3) unjust enrichment (return of
25 money wrongfully paid to the Plaintiff for uncovered benefits). The basis of all of the
26 Defendant's claims are based on its allegations that the Plaintiff submitted benefit forms to
27 the Defendant after filling in the wrong codes for a specific type of therapy that it provided
28 to some of its plan members. The Defendant contends that based on the inaccurate coding

1  of the forms, the Defendant mistakenly made payments to the Plaintiff for non-covered
2  benefits. The crux of all of the Defendant's claims is that because the Plaintiff misrepresented
3  the type of therapy it provided on the claim forms, and the Defendant made payments to the
4  Plaintiff for non-covered benefits based on those misrepresentation, the Defendant is entitled
5  to damages.

6  It is clear that the Defendant and the plan members have an ERISA relationship.
7  However, in arguing that the Defendant cannot state a claim under ERISA, the Plaintiff
8  throughout its Motion and Reply admits that the Plaintiff has absolutely no ERISA governed
9  relationship with the Defendant with respect to the asserted Counterclaims. The Plaintiff also
10 admits that it is not a plan fiduciary, and its *only* relationship to the plan members is
11 contractual.

12 Although the Defendant is an ERISA entity, ERISA does not necessarily preempt
13 lawsuits that arise out of the relationship between an ERISA entity and a third-party.
14 *Geweke Ford v. St. Joseph's Omni Preferred Care Inc.,* 130 F.3d 1355, 1360 (9th Cir. 1997).
15 With respect to the Defendant's Counterclaim, the Plaintiff is for all intents and purposes a
16 third-party. The relationship between the plan members and the Defendant, or the plan
17 members and the Plaintiff, are completely irrelevant to the Defendant's allegations that the
18 Plaintiff mis-coded and submitted claim forms for payment to the Defendant. The Court
19 concludes that the common law claims asserted by the Defendant do not genuinely impact
20 or encroach upon a relationship regulated by ERISA, such as the relationship between plan
21 and plan member, plan and employer, or plan and trustee. *See Abraham,* 265 F.3d at 821.

22 Although the Defendant's claims in this case happen to involve an employee benefit
23 plan, the basis of the Counterclaim is the Plaintiff's alleged misrepresentations when
24 submitting claim forms, and would have existed regardless of the type of employee benefit
25 plan the Plaintiff was seeking coverage under. The Defendant's claims arise out of
26 transactions between the Defendant and the Plaintiff that are independent of any ERISA
27 relationship. *See id.* The claims of negligent misrepresentation, unjust enrichment, and
28 restitution are simply not "premised upon" the existence of an ERISA plan, and the ERISA

plan itself is not essential to Defendant's claims. *See Providence Health Plan,* 385 F.3d at 1172. The Defendant's common law claims do not have sufficient "connection with" the ERISA plan at issue in this case to be preempted.

Nevertheless, the Plaintiff contends that even if the Defendant's claims are not "premised upon" an ERISA plan and do not "genuinely impact" an ERISA relationship under the more traditional relationship-based preemption tests, the Defendant's Counterclaim is still preempted because the claims alleged require the Court to interpret an ERISA plan.

The Plaintiff contends that in order for this Court to determine whether or not the Defendant is entitled to relief under its claims of negligent misrepresentation, unjust enrichment, and restitution, the Court would first have to "interpret" the plan members' employee benefit plan. *Aetna Health Inc v Davila,* 542 U.S. 200, __, 124 S.Ct 2488, 2497 (2004) (ERISA preempts claims that do not arise independently of ERISA and where the interpretation of ERISA-plan-terms form an essential part of the claim). The Defendant, on the other hand, argues that its claims "merely reference" the plan, and do not require ERISA plan interpretation. The Court agrees.

This case is distinguishable from the cases relied upon by the Plaintiff because ERISA plan interpretation is not an essential part of the Defendant's claims. Although the Defendant will have to prove that the Plaintiff did in fact fill in the wrong codes and received payment for non-covered benefits, the Court does not have to interpret the plan in any manner that would substantially effect the rights and obligations established by the employee benefit plan in this case.

Unlike the cases cited by the Plaintiff, liability in this case does not exist only because of the administration of an ERISA plan. The actions complained about by the Defendant violate general common law legal duties, such as the duty not to knowingly provide fraudulent, false or misleading information. These duties all arise independently from ERISA or the terms of the employee benefit plan at issue in this case. This Court's determination of the Defendant's claims, notwithstanding any investigation into whether the claims were coded correctly, are entirely independent of the ERISA plan or any ERISA

regulated relationship. Accordingly, the Court concludes that the Defendant's claims are not preempted by ERISA.

The intent behind ERISA's preemption clause was to avoid multiplicity of regulation and permit the nationally uniform administration of employee benefit plans. *Dishman v. UNUM Life Ins. Co.*, 269 F.3d 974, 981 (9th Cir. 2001) (citing *New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656, 115 S.Ct. 1671, __ (1995)). Arizona's common law with respect to negligent misrepresentation, restitution, and unjust enrichment, does not encroach upon employee benefit structures or their administration, or interfere with nationally uniform plan administration.

If this Court were to hold the way that the Plaintiff suggests and find that ERISA not only fails to provide the Defendant with a remedy for the claims alleged in its Counterclaim, but that ERISA *also* preempts the Defendant's state law claims, the result would be that there is simply no legal remedy when a medical provider submits false claims to an ERISA plan administrator to secure payment of non-covered benefits. Yet, under the same set of facts, a non-ERISA insurer would clearly be able to maintain state law claims based on fraud, misrepresentation, unjust enrichment, etc.

In other words, providers would be subject to state law liability for fraud and misrepresentation when submitting claims for benefits for non-ERISA patients, but not subject to liability when submitting false claims for benefits for ERISA patients. This seems contrary to the very spirit of ERISA's preemption provision and comprehensive remedial scheme. The Court just cannot imagine that Congress intended through its enactment of ERISA to completely eviscerate state common law claims in areas where ERISA does not provide any remedy, particularly when the claims only incidentally involve an ERISA plan.

The Plaintiff's Motion to Dismiss the Defendant's Original Counterclaim is denied.

III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED DENYING** the Plaintiff's Motion For Leave to File Second Amended Complaint (doc. 50).

**IT IS ORDERED DENYING** the Plaintiff's Motion to Dismiss the Defendant's Original Counterclaim (doc. 52).

**IT IS ORDERED DENYING AS MOOT** the Defendant's Motion for Extension of Time (doc. 53).

DATED this 9th day of November, 2005.

James A. Teilborg
United States District Judge