1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SPINEDEX PHYSICAL THERAPY, U.S.A., INC, an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE OF ARIZONA, INC., an Arizona corporation,<br><br>Defendant. | No.  CV 04-1576-PHX-JAT (lead)<br>       CV 04-1578-PHX-JAT (cons)<br>       CV 04-1579-PHX-JAT (cons)<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Amend Rule 16 Scheduling Order. Plaintiff seeks to extend both the discovery and dispositive motion deadlines and, in essence, to have this Court reconsider its previous discovery ruling (which would necessitate extending the discovery deadline to complete this additional discovery). Plaintiff's bases this need for reconsideration of the discovery order on the Court's November 10, 2005 Order which stated that Defendant's counterclaim was not preempted by ERISA. Plaintiff asserts that this holding causes the need for Plaintiff to take a 30(b)(6) deposition on counterclaim issues, but that the Court previously held that with respect to the Complaint no 30(b)(6) deposition would be permitted because of the discovery limitations of ERISA. Thus, Plaintiff concludes that once the Court held that the counterclaim was not preempted by ERISA, this additional discovery became appropriate.

1       Without considering the merits of Plaintiff's requested additional discovery, Plaintiff
2  faces several procedural hurdles.  First, the Court's Order regarding the counterclaim was
3  issued on November 10, 2005, discovery closed on November 15, 2005, yet Plaintiff did not
4  seek an extension of the discovery deadline until November 21, 2005.  Under Local Rule
5  Civil 7.3(a), the Court cannot extend a deadline after the expiration of the deadline unless the
6  late-moving party can show excusable neglect.  Plaintiff has made no such showing in this
7  case.  Second, Local Rule Civil 7.3(b) requires the moving party on any motion for extension
8  of time to state the position of all other parties.  Plaintiff also failed to meet this requirement.[1]
9  Third, as the parties are well aware, they must call on a conference call and have a hearing
10 on a discovery dispute before they can file any discovery motion (as stated in this Court's
11 Rule 16 scheduling order).  Plaintiff's de facto motion to reconsider this Court's prior
12 discovery order was filed in violation of this requirement.
13      Thus, based on the foregoing procedural defects in Plaintiff's Motion, the Motion will
14 be denied.  Accordingly,
15      **IT IS ORDERED** that Plaintiff's Motion to Amend Rule 16 Scheduling Order (Doc.
16 #93) is denied.
17      **IT IS FURTHER ORDERED** that the dispositive motion deadline of January 6,
18 2006, is confirmed.
19      DATED this 30th day of November, 2005.

James A. Teilborg
United States District Judge

---

[1] Defendant has now responded and opposes any continuance of the deadlines.

- 2 -